## Woodsum *vs.* Sawyer.

In order to give jurisdiction to referees, appointed pursuant to *Stat.* 1821, *ch.* 77, it is necessary that the demand made by the claimant be signed by him. The want of his signature will be error.

This was a writ of error brought to reverse a judgment of the Court of Common Pleas rendered upon a report of referees appointed pursuant to the statute, made in favor of the defendant in error, who was the original claimant. The errors assigned were all special; but the judgment was reversed for an error not assigned; which appears in the opinion of the Court, delivered by

Mellen C. J. The plaintiff originally assigned eight errors. Under leave of court he has amended the assignment of errors by striking out all but the second. We have not examined that, because there is one not assigned, which is fatal, on account of which the judgment must be reversed. Our statute on the subject, under which the foregoing submission was made, is a 'transcript of the act now in force in *Massachusetts*. In *Monosiet* in error *v. Post.* 4 *Mass.* 530, the court say, "the statute must be strictly pursued." In the case before us the demand of *Sawyer*, annexed to the agreement of submission, was never signed by him, as the statute expressly requires. Such was the omission in the case of *Mansfield v. Doughty*, 3 *Mass.* 398 ; and the court for that reason reversed the judgment. It is true that in *Humphrey v. Strong*, 14 *Mass.* 262, the court decided that the demand annexed, was sufficient, though not formally subscribed, because it was stated in the record, as the ground on which the report was accepted, that the demand was in the hand writing of *Strong*; which circumstance they rested upon as equivalent to signing, and as distinguishing that case from *Mansfield vs. Doughty*. In the case before us it does not appear that the annexed demand was in the hand writing of *Sawyer* :—of course the *Judgment is reversed.*

*Appleton*, for the plaintiff in error.

*Rogers*, for the defendant in error.